914 F.2d 271
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Marsha TATE, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3233.
 United States Court of Appeals, Federal Circuit.
 Aug. 14, 1990.
 
 Before PLAGER, Circuit Judge, BALDWIN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 This is an appeal from a decision of the Merit Systems Protection Board (MSPB), No. AT08318910569 (Jan. 29, 1990), denying Marsha Tate's petition for review of, and making final, the Initial Decision of the Administrative Judge (AJ), dated August 10, 1989, which held that petitioner is not the beneficiary of her aunt's retirement benefits. We affirm.
 
 OPINION
 
 2
 As a court of review, we must sustain the factual findings of the AJ if they are supported by substantial evidence. Mings v. Department of Justice, 813 F.2d 384, 390 (Fed.Cir.1987). The AJ's determination that Marsha Tate's aunt, Marjorie Tate, did not designate her as the beneficiary of her retirement benefits clearly is supported by substantial evidence.
 
 
 3
 The governing statute, 5 U.S.C. Sec. 8342(c) (1988), requires that a designated beneficiary be "designated by the employee ... in a signed and witnessed writing received in the Office before his death." Ms. Tate has been unable to produce a copy of the alleged beneficiary form, and her aunt's employer, the Veterans Administration Medical Center, does not have such form in its records even though it was the common practice of Mr. Feltz, one of its employees, to make copies of beneficiary forms and to place them in the appropriate personnel files. The AJ's determination that no such writing exists is supported by substantial evidence, and we must therefore affirm the MSPB's decision.
 
 
 4
 In her petition for review, Ms. Tate alleges that the MSPB has failed to take into account evidence that she has, but was unable to produce at the time of hearing. Having made a similar argument to the AJ at the hearing, the AJ granted Ms. Tate one week's time to submit such evidence. However, she failed to do so. Now Ms. Tate alleges that she did not submit the evidence post-hearing because she awaited, but never received, promised notification of when to send the evidence to the MSPB. Yet, Ms. Tate has not shown, and the record does not reveal, any evidence to support her allegation that she was to receive notice. Furthermore, Ms. Tate has not included the alleged evidence of her aunt's beneficiary designation as part of her brief in support of her petition for review. Though the submission of such evidence at this late point would likely be untimely, without such evidence there is nothing that this court can do.